```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION

DEANGELO LAMONT THOMAS,         )
                                )
               Petitioner,      )
                                )
          v.                    )    No.  4:04CV746 DJS
                                )              (FRB)
CHUCK DWYER,                    )
                                )
               Respondent.      )
```

## MEMORANDUM AND ORDER

Presently pending before the Court is Missouri state prisoner DeAngelo Lamont Thomas' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

On January 11, 2002, a jury in the Circuit Court of St. Louis City, Missouri, found petitioner guilty of Robbery First Degree and Armed Criminal Action. (Resp. Exh. B at 81-82.) Petitioner was sentenced on March 1, 2002, to two concurrent terms of twenty-five years' imprisonment. (Id. at 97-99.) On May 13, 2003, the Missouri Court of Appeals summarily affirmed petitioner's conviction and sentence. State v. Thomas, 105 S.W.3d 540 (Mo. Ct. App. 2003) (per curiam). Petitioner sought no other direct review of his conviction. Petitioner's motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15 was dismissed as untimely. (Petn. at 3-4.) The instant petition for writ of habeas

corpus, signed by petitioner on June 10, 2004, was received by and filed in this Court on June 16, 2004.[1]

In the instant petition, petitioner raises numerous claims for relief challenging his underlying conviction and sentence, and further asserts that he is actually innocent of the crimes of which he was convicted.  In response, respondent argues only that the petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1) inasmuch as direct review of petitioner's conviction and sentence concluded more than one year prior to the filing of the petition.  For the following reasons, respondent's argument fails and respondent should be ordered to respond to the substance of petitioner's claims.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. § 2254.  For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Judgment becomes final, and thus the one-year statute of limitations is triggered, by either:

---

[1] Applying the prison mailbox rule, Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999), and giving petitioner the benefit of the doubt, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002), the undersigned determines the instant petition to have been filed on June 10, 2004, the date petitioner signed and mailed the petition.

>    (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998).

In Pierson v. Dormire, No. 4:03CV1531 (CEJ), 2006 WL 839222 (E.D. Mo. Mar. 29, 2006), Chief District Judge Carol E. Jackson held that the failure of a federal habeas petitioner to request discretionary review by Missouri's court of last resort precludes him from seeking certiorari under United States Supreme Court Rule 13.[2] In such cases, Judge Jackson held, the one-year statute of limitations under § 2241(d)(1) cannot be triggered by the expiration of the ninety-day period within which to seek certiorari inasmuch as certiorari is not available, but rather is

---

[2]United States Supreme Court Rule 13 provides:

> [A] petition for writ of certiorari to review judgment in any case . . . entered by a state court of last resort . . . is timely when it is filed with the Clerk of [the Supreme] Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

triggered upon the state court of appeals' issuance of its mandate following its affirmance of the conviction, at which time the judgment of conviction becomes final. Id. at *3.

In this cause, respondent agrees that the petitioner here cannot avail himself of the ninety-day certiorari period given his failure to seek discretionary review from the state's court of last resort. Respondent argues, however, that petitioner's judgment of conviction became final, and thus that the one-year statute of limitations was triggered, upon the expiration of the period within which the petitioner could have sought discretionary review by the Missouri Supreme Court, that is, fifteen days after the Missouri Court of Appeals entered its opinion affirming petitioner's conviction on direct appeal. See Mo. R. RCRP Rule 30.26 (motions for rehearing to be filed within fifteen days of appellate opinion); Mo. R. RCRP Rule 30.27 (stating Rule 83 to govern transfer of criminal appellate cases); Mo. R. RCP 83.02 (motions to transfer to be filed within fifteen days of appellate opinion). Respondent argues, therefore, that petitioner's judgment of conviction became final on May 28, 2003 – fifteen days after the Missouri Court of Appeals entered its opinion – and that the filing of the instant petition on June 10, 2004, fell outside the one-year period of limitations.[3]

---

[3]Because petitioner's motion for post-conviction relief was dismissed by the state court as untimely filed, it cannot be considered to toll the one-year limitations period inasmuch as under the Antiterrorism and Effective Death Penalty Act of 1996, it

In Payne v. Kemna, 441 F.3d 570 (8th Cir. 2006), the Eighth Circuit discussed the finality of Missouri state court judgments and determined that such judgments do not become final until the court of appeals issues its mandate thereon. See id. at 572, and cases cited therein. The district court in Pierson likewise so held. Pierson, 2006 WL 839222, at *3. Taking judicial notice of the state court docket sheet in petitioner's underlying criminal cause of action here, see Levy v. Ohl, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records), the undersigned notes that the Missouri Court of Appeals issued its mandate in the cause on June 18, 2003. (See www.web2.westlaw.com, DOCK-MO-STLOUIS, Case No. 011-0000377, *State v. Deangelo Thomas*.) Petitioner's judgment of conviction therefore became final on June 18, 2003. Inasmuch as the instant petition for writ of habeas corpus was filed within one year of June 18, 2003, the petition was timely filed. Respondent's assertion that the petition must be dismissed as untimely therefore fails.

Accordingly,

**IT IS HEREBY ORDERED** that respondent shall have thirty (30) days from the date of this Order within which to show cause why the claims raised in petitioner DeAngelo Lamont Thomas'

---

was not a "properly filed" application for post-conviction review. Walker v. Norris, 436 F.3d 1026 (8th Cir. 2006).

petition for writ of habeas corpus should not be granted. Such response shall include all possible defenses to petitioner's claims, which may include, but not be limited to, exhaustion, cognizability and/or substantive consideration of the merits; and shall also address petitioner's claim of actual innocence.

*/s/ Frederick L. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this  *2nd*  day of April, 2007.