# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEANGELO LAMONT THOMAS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 4:04CV746-DJS ) |
| CHUCK DWYER, | ) ) |
| Respondent. | ) |

## ORDER

This matter is before the Court on the report and recommendation of the United States Magistrate Judge, recommending denial of the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and petitioner's objections thereto. After the magistrate judge issued his report and recommendation, petitioner filed a second traverse to respondent's second response to order to show cause [Doc. #21]. To the extent possible, the Court has construed petitioner's arguments contained in the second traverse as objections--the majority of which coincide with petitioner's objections to the report and recommendation [Doc. #22]. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court gives de novo consideration to those portions of the magistrate judge's recommendation to which specific objections are made. Upon careful consideration, the Court will overrule the objections and adopt the report and recommendation.

On January 11, 2002, a jury in the Circuit Court of St. Louis City, Missouri, found petitioner guilty of Robbery First

Degree and Armed Criminal Action. Petitioner was sentenced on March 1, 2002 to two concurrent terms of twenty-five years' imprisonment. On May 13, 2003, the Missouri Court of Appeals summarily affirmed petitioner's conviction and sentence. <u>State v. Thomas</u>, 105 S.W.3d 540 (Mo. Ct. App. 2003) (per curiam). Petitioner sought no other direct review of his conviction. Petitioner's motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15 was dismissed as untimely.

Petitioner is currently incarcerated at Southeast Correctional Center in Charleston, Missouri. In the instant petition for writ of habeas corpus, petitioner raises six grounds for relief. The magistrate judge recommends that Ground One is not cognizable as a free-standing claim; that the claims raised in Grounds Two, Three, and Five are procedurally barred because petitioner failed to raise these claims on direct appeal; and that the Missouri Court of Appeals' rejection of petitioner's arguments concerning Grounds Four and Six should stand.

In Ground One, petitioner asserts that newly discovered evidence establishes petitioner's actual innocence. Petitioner objects to the magistrate judge's application of <u>Herrera v. Collins</u>, 506 U.S. 390 (1993), because petitioner asserts constitutional error in addition to his claim of actual innocence, unlike in <u>Herrera</u>. <u>See</u> <u>Herrera</u>, 506 U.S. at 400-01 (determining that claims of actual innocence based on newly discovered evidence

2

have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding). The report and recommendation properly analyzes Ground One both separately as an assertion of actual innocence and in conjunction with plaintiff's other grounds, all of which fail as discussed below.

"[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993). "In order to pass through the actual innocence gateway..., a petitioner must support his claim of innocence with reliable new evidence, whether exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." Amrine v. Bowersox, 128 F.3d 1222, 1228 (8th Cir. 1997), *citing* Schlup v. Delo, 513 U.S. 298, 322-24 (1995).

The evidence now offered must be "new" in the sense that it was wrongly excluded at petitioner's trial or only discoverable afterward. See, e.g., Schlup, 513 U.S. at 315; Kuhlmann v. Wilson, 477 U.S. 436, 454-55 n. 17 (1986) (plurality opinion); Battle v. Delo, 64 F.3d 347, 352 (8th Cir. 1995). Petitioner's affidavit from an alibi witness does not appear to qualify as new evidence because no explanation is given as to the unavailability of this

3

witness at the time of petitioner's trial.  To the extent that petitioner now raises an ineffective assistance of counsel argument that trial counsel refused to call this witness despite plaintiff's requests, grounds for relief are not properly raised for the first time after the report and recommendation, and petitioner has never requested nor been denied leave to amend his petition.  See Houston v. Housewright, 678 F.2d 757, 759 (8th Cir. 1982).  The Court overrules petitioner's objection to the application of Herrera and gives no further consideration to plaintiff's ineffective assistance of counsel arguments raised after the report and recommendation.

Petitioner objects to the magistrate judge's recommendation that Grounds Two, Three, and Five should be denied as procedurally defaulted, but concedes that these grounds were not raised on direct appeal.  Ground Two asserts that the trial court erred in denying petitioner's motion for judgment of acquittal inasmuch as there was inconsistent testimony adduced relating to the identification of petitioner.  Ground Three asserts that the trial court erred in overruling petitioner's objection to the State's improper closing argument in that the State was permitted to comment on petitioner's failure to testify.  Finally, Ground Five asserts that the trial court erred in overruling petitioner's objection to the State's improper bolstering of a witness.

A habeas petitioner under § 2254 must satisfy the related but distinct doctrines of exhaustion of state remedies and procedural default. As to the former, "[a] federal court...will not hear a claim if the petitioner has not exhausted all available state remedies unless further litigation in the state courts would be futile or unless the state waives this requirement under certain circumstances." Sloan v. Delo, 54 F.3d 1371, 1378 (8th Cir. 1995). Under the doctrine of procedural bar:

> A default under a state procedural rule bars consideration of a federal claim presented to the state courts if the last state court to review the claim specifically rested its decision on an adequate and independent state ground unless the petitioner can demonstrate either cause and prejudice, or a "fundamental miscarriage of justice."

Id., *quoting* Harris v. Reed, 489 U.S. 255, 260-63 (1989). Petitioner argues that appellate counsel refused to include these arguments despite petitioner's requests.

The allegedly ineffective assistance of his appellate counsel in failing to preserve these issues on appeal cannot serve as cause to excuse the procedural default where petitioner did not assert that species of ineffective assistance as an independent claim in the state courts. Murray v. Carrier, 477 U.S. 478, 489 (1986); Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995); McKinnon v. Lockhart, 921 F.2d 830, 832 (8th Cir. 1990). Consequently, petitioner's objections concerning Grounds Two, Three, and Five are overruled.

Ground Four asserts that the trial court erred in overruling petitioner's objection to the prosecutor wearing a clip-on gold tooth during closing argument. With respect to the magistrate judge's analysis of petitioner's Ground Four, petitioner shifts his argument and now asserts that the victim/witness who identified petitioner in court was recalled to the stand after hearing petitioner testify that he did not have any gold teeth--the witness had earlier testified that the perpetrator had a gold crown. As discussed supra, the Court will not address grounds raised for the first time after the report and recommendation. To the extent petitioner addresses the magistrate judge's analysis of Ground Four, the Court finds that the conduct during closing argument was not so prejudicial that it fatally infected the trial and rendered the entire trial fundamentally unfair. See Darden v. Wainright, 477 U.S. 168, 181 (1986). Petitioner's objection to the report and recommendation's analysis of Ground Four is overruled.

Upon careful consideration of the report and recommendation of the United States Magistrate Judge, and petitioner's objections thereto,

**IT IS HEREBY ORDERED** that the arguments in petitioner's second traverse [Doc. #21] are construed as objections to the report and recommendation, and are overruled.

**IT IS FURTHER ORDERED** that petitioner's objections to the report and recommendation [Doc. #22] are overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #20] is accepted and adopted.

Dated this ___23rd___ day of July, 2007.

                                             /s/ Donald J. Stohr
                                             UNITED STATES DISTRICT JUDGE